## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**MARIA ESTELA PADRÓ OCTAVIANI**

Plaintiff

v.

**GLAXOSMITHKLINE CONSUMER HEALTHCARE, LP**

Defendant

**CIVIL No.**

**Re:** Unjust Dismissal, Age Discrimination, Retaliation

## NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

COMES NOW GlaxoSmithKline Consumer Healthcare, LP ("GSK"), through its undersigned counsel and hereby gives notice of removal of this action from the Puerto Rico Court of First Instance, San Juan Superior Part, Civil No. KPE2014-377(505), where it is pending, to the United States District Court for the District of Puerto Rico. In support of this Notice of Removal, the appearing defendant states as follows::

1. GSK has become aware of a civil action commenced in the Puerto Rico Court of First Instance, San Juan Superior Part, <u>Maria Estela Padro Octaviani v. GlaxoSmithKline Consumer Healthcare</u>, Civil No. KPE2014-377(505).

2. On December 3, 2014, GSK was served with a copy of the Complaint, which is attached to this notice as Exhibit A, in the Spanish language, in compliance with 28 U.S.C. § 1446(a). A motion requesting an extension of time to file a certified translation of the same has been filed today.

3.      In the Complaint, plaintiff alleges she was unjustly dismissed, discriminated, and retaliated against on the basis of age, all under Puerto Rico law. Plaintiff claims damages in an amount no less than $500,000.000, plus attorneys' fees.

4.      Federal courts have removal jurisdiction for diversity cases when the amount in controversy exceeds $75,000, exclusive of interests and costs, and the suit involves a controversy between citizens of different states. See 28 USC 1332(a).

5.      The present lawsuit satisfies these two requirements. First, the amount sought in the Complaint exceeds $75,000. When the monetary demand by the plaintiff is stated in the complaint, the defendant can rely upon that assertion to meet the monetary jurisdictional requirement.  Accordingly, and notwithstanding GSK's defenses, it can remove based upon the dollar amount claimed in the complaint. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938). Second, the suit involves citizens of two different states. Specifically, as alleged in the Complaint itself, plaintiff is a  citizen of Puerto Rico, while GSK is a limited partnership organized and existing under the laws of the state of Delaware, with its principal place of business located in Pennsylvania.  See Exhibit B , Amendment to the Certificate of Limited Partnership.

6.      From all of the above, it is clear that defendant is entitled to remove the cause of action filed before the Puerto Rico Court of First Instance, San Juan Superior Part, to the United States District Court for the District of Puerto Rico, pursuant to 28 U.S.C. §§1332, 1441.

WHEREFORE, pursuant to 28 U.S.C. §§1332, 1441, defendant  GlaxoSmithKline Consumer Healthcare, LP  hereby gives Notice of Removal to the above captioned case to this Honorable Court and requests that the cause of action filed before the Puerto Rico Court of First

Instance, San Juan Superior Part, filed under Civil Number KPE2014-377(505) proceed before this Court as an action properly removed.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 15th day of December, 2014.

WE HEREBY CERTIFY that on December 15th, 2014, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**SCHUSTER AGUILÓ LLC**
Attorneys for Defendant
PO Box 363128
San Juan, Puerto Rico 00936-3128
Telephone: (787) 765-4646
Telefax: (787) 765-4611

s/Anabel Rodríguez-Alonso
**Anabel Rodríguez-Alonso**
USDC PR No. 212509
arodriguez@salawpr.com

H:\ATTY\ARIGSK\Notice of Removal.doc

-3-

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| MARIA ESTELA PADRO OCTAVIANI | CIVIL NUM. : KPE 2014-3377 |
| **Querellante** | SOBRE: SDS |
| v. | **Despido Injustificado al amparo de la Ley 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. § 185a, a través del procedimiento sumario de la Ley Núm. 2 de 1961, 32 L.P.R.A. §§ 3118-3132.** |
| GLAXOSMITHKLINE      CONSUMER HEALTHCARE | |
| **Querellados** | (LIBRE DE ARANCELES) |

<u>QUERELLA</u>

AL HONORABLE TRIBUNAL:

COMPARECE la parte querellante de epígrafe, María Estela Padró Octaviani, a través de los abogados que suscriben muy respetuosamente EXPONE, ALEGA Y SOLICITA:

I. <u>Introducción</u>

Esta querella se presenta al amparo del procedimiento sumario dispuesto por la Ley Núm. 2 de 17 de Octubre de 1961, según enmendada. 32 L.P.R.A. §§ 3118-3132. La querellante alega afirmativamente que fue despedida de su empleo sin que hubiere mediado una causa justa, por lo que solicita compensación en la forma de la mesada que dispone la Ley 80 de 30 de mayo de 1976, según enmendada. 29 L.P.R.A. § 185a ("Ley 80"). Además, su despido fue discriminatorio por razón de edad, en violación a la Ley 100 de 30 de junio de 1959, Ley Antidiscrimen y Represalias en violación a la Ley 115 del 20 de diciembre de 1991, ya que ésta llevó su defensa ante los tribunales estatales y presentó su versión ante el patrono, conforme le fue solicitado.




II. <u>Partes</u>

1.    La querellante María Estela Padró Octaviani tiene su dirección postal en la Calle José A Canals #357,Urb. Roosevelt, San Juan, Puerto Rico  00918.

2.    La querellada,. GLAXOSMITHKLINE CONSUMER HEALTHCARE Inc.,  es a base de información y creencia una corporación con fines de lucro organizada al amparo de las leyes del Estado Libre Asociado de Puerto Rico, con oficina principal en el Centro Internacional de Mercadeo, #90 Carretera 165 Torre  II, Suite 800, Guaynabo , Puerto Rico, 00968.

3.    Los querellados John Doe y Jane Doe son nombres ficticios para denominar a querellados que le podrían ser responsables a la parte querellante, pero cuyas identidades se desconocen en este momento.

4.    ABC Insurance, Inc., es una compañía aseguradora que ha expedido pólizas de cubierta de responsabilidad a favor de las querelladas y conforme a sus términos, responden a la parte querellante por los daños causados y reclamados a consecuencia de los actos de los querellados.

### III. Hechos

5.      La querellada GLAXOSMITHKLINE CONSUMER HEALTHCARE Inc. es una compañía de Ventas y Mercadeo para productos de cuidado de salud sin receta (OTC) que tiene sus oficinas en Puerto Rico.

6.      La querellante comenzó a trabajar en GLAXOSMITHKLINE CONSUMER HEALTHCARE, Inc. hace 25 años, desde el 11 de septiembre de 1989.

7.      La querellante trabajó 25 años con la querellada, ocupando varias posiciones en diferentes departamentos, obteniendo ascensos en responsabilidades y remuneración y al 1 de octubre de 2014, ocupaba el puesto de Gerente de Marcas. Era una Gerente con vasta antigüedad y mayor de cuarenta años de edad, hasta que fue despedida discriminatoria, injustificadamente y por represalias.  Su salario mayor ascendió a $104,800.00 (Véase W-2 PR). De hecho, a la querellante, al momento de su despido injustificado y discriminatorio, solo le faltaban 10 meses, para llegar a la suma de 75, suma de edad y años de servicio, para todos los beneficios de su retiro.

8.      Entre las responsabilidades como Gerente de Marca, estaban las siguientes, a saber:

   a)    Manejo y responsabilidad del Estado de Ingresos y gastos de las marcas y/o categorías a cargo, desde la línea de ventas hasta la de profit.
   b)    Guiar la ejecución del lanzamiento de nuevos productos, así como estrategias de extensiones de línea.
   c)    Análisis de data y tendencias de mercado.
   d)    Participación activa en los estimados de ventas mensuales, así como las reuniones comerciales.
   e)    Desarrollo, manejo y reportes de ROI'S (Return on Investments) digitales para las marcas de la compañía.
   f)    Manejo de agencias de publicidad en proyectos, reportes , supervisión, entre otros.
   g)    Desarrollo y análisis de los planes anuales y estrategias de las marcas.
   h)    A cargo de categorías estratégicas para la compañía tales como Gastrointestinal y Cuidado Oral.
   i)    Manejo del proceso de los presupuestos de publicidad y Promoción de las marcas/categorías a cargo.
   j)    Otras relacionadas

9.      A petición de su patrono, la querellante presentó su versión de los hechos ocurridos el 28 de diciembre de 2013, en relación a una detención por alegadamente guiar 5 millas en exceso de velocidad, y bajo los efectos del alcohol, en el vehículo que tenía asignado por la compañía.

10.      Posteriormente, el 1 de octubre de 2014, la querellante fue despedida sin justa causa, discriminatoriamente y por represalias.

11.      El patrono adujo, como razón para el despido que la querellante había faltado al no informar que tuvo un caso criminal por alegadamente haber guiado el vehículo de la

compañía bajo los efectos de bebidas alcohólicas , cuando lo cierto es que la querellante salió con las manos limpias del proceso judicial incoado en su contra.

12.     El incidente, con el vehículo ocurrió fuera de horas laborables, en receso de vacaciones y no estaba relacionado, en absoluto, con las funciones que llevaba a cabo la querellante en la compañía querellada.

13.     A la querellante, no se le compensó por su despido. La razón para el despido de la querellante es injustificada **pues no persigue una razón válida de negocio**. Además fue despedida por discrimen por edad, ya que los Gerentes que permanecen empleados y que llevan a cabo funciones similares, en su mayoría son menores que la querellante. Por último, su despido se debió a represalias por haber presentado, a petición del patrono, su versión de los hechos ocurridos el 28 de diciembre de 2013, por lo que debe ser resarcida.

14.     La querellada acostumbra a auspiciar y llevar a cabo actividades, en las que que se ofrece y promueve el uso de bebidas alcohólicas, como por ejemplo almuerzos, cenas, actividades promocionales y otras relacionadas. Los Gerentes y demás empleados que usan los autos de la querellada, acuden a dichas actividades y manejan los autos bajo la influencia de bebidas alcohólicas. Al presente, la única despedida, ha sido la querellante, por eso reiteramos que se trata de un despido discriminatorio.

15.     Al presente, a la querellante no se le ha liquidado el monto de la licencia de vacaciones que asciende a alrededor de 25 días y suma la cantidad de $9,000.00. Tampoco se le ha pagado el bono de productividad correspondiente a su esfuerzo y trabajo desde enero del año en curso, hasta el día de su despido, lo que asciende a $10,000.00. Mas el 25 % de la suma de ambas cantidades por concepto de honorarios de abogado, que asciende a $4,750.00.

16.     Conforme a la Ley 80, la mesada de la querellante asciende a $203,554.00, equivalente a seis meses de salario, más la suma de tres (3) semanas de salario por cada año trabajado, más los honorarios de abogado que ascienden a alrededor de $55,000.00

17.     De conformidad con la § 185k(b) de la Ley 80, se solicita que se ordene a GLAXOSMITHKLINE CONSUMER HEALTHCARE Inc. depositar en la secretaría del tribunal una fianza suficiente para cubrir la compensación total a la que tiene derecho la querellante y una cantidad para honorarios de abogados equivalente al 25% de la mesada.

18.     Se solicita, además, se indemnice a la querellante de conformidad con las disposiciones establecidas en la Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A. § 146, *et seq.*, y la Ley Núm. 115 de 20 de diciembre de 1991, según enmendada, 29

L.P.R.A. § 194a *et seq*. Es decir, salarios dejados de percibir, una suma en daños y perjuicios no menor de $500,000.00, la reinstalación, y el 25% en honorarios de abogados.

**EN VIRTUD DE TODO LO CUAL,** muy respetuosamente se solicita de este Honorable Tribunal que declare **HA LUGAR** en todas sus partes esta querella y en su consecuencia sentencie a GLAXOSMITHKLINE CONSUMER HEALTHCARE Inc, al pago de la mesada que le corresponde a la querellante por haber sido despedida ilegal e injustificadamente, salarios y haberes dejados de percibir, una suma en daños y perjuicios y la reinstalación, y conceda el 25% en honorarios de abogado, con cualquier pronunciamiento que en derecho proceda.

**RESPETUOSAMENTE SOMETIDA.**

En San Juan, Puerto Rico a 20 de noviembre de 2014.

**GARCIA-CHAMORRO
LAW GROUP, P.S.C.**
**1606 Avenida Ponce De León**
**Edificio Julio Bogorícín, Suite 900**
**San Juan, Puerto Rico 00909**
**Tel (787) 977-1932**
**Fax(787) 722-1932**

**JEANNETTE M. NEGRON RAMIREZ**
**RUA #10,028**
**Email:jnegron@garciachamorro.com**

**ROXANA M. VIERA CANALES**
**RUA # 12,459**
**P.OBox 190782**
**Email:roxanaviera.law@gmail.com**
**San Juan, PR 00919-0782**

GOBIERNO DE PUERTO RICO - GOVERNMENT OF PUERTO RICO
DEPARTAMENTO DE HACIENDA - DEPARTMENT OF THE TREASURY

Form 499R-2/W-2PR
Rev. 011

**491100** COMPROBANTE DE RETENCION · WITHHOLDING STATEMENT

INFORMACION PARA EL DEPARTAMENTO DE HACIENDA
DEPARTMENT OF THE TREASURY INFORMATION

INFORMACION PARA EL SEGURO SOCIAL
SOCIAL SECURITY INFORMATION

| | | |
|---|---|---|
| 1. Nombre/First Name | 3. Núm. Seguro Social / Social Security No. | 7. Sueldos · Wages |
| MARIA | **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** | 97753.90 |
| | 4. Núm. de Ident. Patronal / Employer Ident No. (EIN) | 16. Comentarios · Comments |
| Apellido(s)/Surname(s) | 23-2877571 0 | 17. Total Sueldos Seguro Social / Social Security Wages |
| PADRO OCTAVIANI | 5. Conentarios · Allowances | 1047797.53 |
| Dirección Postal del Empleado/Employee's Mailing Address | 8. Comentarios · Comments | 18. Seguro Social Retenido / Social Security Tax Withheld |
| URB. ROOSEVELT | | |
| CALLE JOSE A. CANALS #357 | | |
| HATOREY PR 00918 | 6. Retina en que comienza a recibir su pensión · Date on which you started to receive the pension. | |
| | Día Mes Año | |
| | Day Month Year | |
| 2. Nombre y Dirección Postal del Patrono / Employer's Name and Mailing Address | 9A. Cantidad retenida/Amount Withheld | 10. Propinas · Tips |
| GSK CONSUMER HEALTHCARE LP P | | |
| FIVE MOORE DRIVE | 9. Comentarios · Allowances | 11. Total = 7 & 8 & 9 & 10 |
| P.O. BOX 13398 | | 97753.90 · |
| RESEARCH TRIANGLE P NC 27709 | | 19. Total Sueldos y Prop. Medicare / Medicare Wages and Tips |
| | | 1047797.53 |
| | 6B. Donativos · Charitable Contributions | 12. Gastos Reembolsados / Reimbursed Expenses |
| | | 130.00 · |
| | | 13. Cont. Retención · Tax Withheld |
| | | 14036.58 · |
| | | 20. Contrib. Medicare Retenida / Medicare Tax Withheld |
| Número de Teléfono del Patrono / Employer's Telephone Number | · Copia A · Copy A · | 14. Fondo de Retiro Gubernamental / Governmental Retirement Fund |
| 877/694-7547 | Envíe a: · Send to: | 15519.56 · |
| Fecha Casa de Operaciones / Bus. | NEGOCIADO | 15. Aportaciones a Planes Cualific. / Contributions to CODA PLANS |
| Día Mes Año | DE PROCESAMIENTO DE | 7043.63 · |
| Day Month Year | PLANILLAS | 21. Propinas Seguro Social / Social Security Tips |
| Número Control / Control Number | PO BOX 002269 | 16. Sueldos bajo Ley Núm. 324 de 2004 / Salarios under Act No. 324 of 2004 |
| 113165235 | SAN JUAN PR 00902-2501 | |
| | 16A. Año Contributivo/Tax year · Año/ | 22. Cantidad, Medicare on Medical / en Propina Medicare on Medical Type |
| · Fecha de radicación 31 de enero · Filing date January 31 | Year: **2011** | |
| Instrucciones al dorso de Copia D · Instructions on back of Copy D | | |

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| MARIA ESTELA PADRO OCTAVIANI<br><br>Querellante<br><br>V.<br><br>GLAXOSMITHKLINE          CONSUMER HEALTHCARE<br><br>Demandados | CIVIL NUM. K PE 2014- 3377<br><br>SOS<br><br>SOBRE:<br><br>DESPIDO INJUSTIFICADO AL AMPARO DE LA LEY 80 DE 30 DE MAYO DE 1976, SEGÚN ENMENDADA, 29 L.P.R.A. §185ª, A    TRAVES   DEL   PROCEDIMIENTO SUMARIO DE LA LEY NUM. 2 DE 1961, 32 L.P.R.A. §§ 3118-3132<br>(LIBRE DE ARANCELES) |

EMPLAZAMIENTO

ESTADOS UNIDOS DE AMÉRICA                                  }
EL PRESIDENTE DE LOS ESTADOS UNIDOS          }          SS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO      }

A LA PARTE DEMANDADA:

**GLAXOSMITHKLINE CONSUMER HEALTHCARE**
**CENTRO INTERNACIONAL DE MERCADEO**
**90 CARR. 165 TORRE II, SUITE 800, GUAYNABO, PUERTO RICO**

**POR LA PRESENTE** se le emplaza, con copia de la querella, de la reclamación radicada en su contra al amparo de la Ley Número 2 de 17 de octube de 1961, según enmendada, 32 L.P.R.A. §§ 3118-3132, apercibiéndose que deberá presentar al Tribunal su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante, cuya dirección es la que deja indicada, con copia de su contestación a la querella, copia de la cual le es servida en este acto, dentro de diez (10) días de esta notificación, si ésta se hiciere en el distrito judicial que se promueve la acción y dentro de los quince (15) días en los demás casos.  Se le apercibe, además, que si así no lo hiciere, se dictará sentencia en su contra concediendo el remedio solicitado, sin más citarle u oírle. La abogada de la parte demandante es:

LCDA. ROXANA M. VIERA CANALES
RUA 12,459
PO BOX 190782
SAN JUAN, PUERTO RICO  00919-0782
TEL. (787) 977-1932
FAX. (787) 722-1932
Email: roxanaviera.law@gmail.com

NOV 2 1 2014

Expedido bajo mi firma y el sello del Tribunal, hoy ____ de _____ de 2014.

GRISELDA RODRIGUEZ COLLADO          NOV 2 1 2014

_____          _____          _____
Nombre  Secretario (a)                   Firma  Secretario (a)                   Fecha

GREISHKA CARTAGENA RIOS

NOV 2 1 2014

_____          _____          _____
Nombre  Sub-Secretario (a)            Firma Sub-Secretario (a)            Fecha

## DILIGENCIAMIENTO DEL EMPLAZAMIENTO

Yo, _CARLOS TORRES MEDRANO_ declaro tener capacidad legal conforme la Regla 4.3 de Procedimiento Civil de Puerto Rico, y certifico que el diligenciamiento del emplazamiento y de la demanda del caso de referencia fue realizado por mí, el _3_ de _DIC._ de _2014_ de la siguiente forma: _A LAS 10:20 AM._

___ Mediante entrega personal a la parte demandada en la siguiente dirección física:

_____

___ Accesible en a inmediata presencia de la parte demandada en la siguiente dirección física:

_CENTRO INTERNATIONAL DE MERCADEO, PISO 8 GUAYNABO PR._

___ Dejando copia de los documentos a un(a) agente autorizado(a) por la parte demandada o designada por ley para recibir emplazamientos en la siguiente dirección física: _GLAXOS MITHKLINE CONSUMER HEALTHCARE_ _PR. ORLANDO ANGIERO, GERENTE RECURSOS HUMANO_

___ No se pudo diligenciar el emplazamiento personalmente debido a que:

_____

### COSTO DEL DILIGENCIAMIENTO

$_____

### DECLARACION DEL (DE LA) EMPLAZADOR(A)

Declaro bajo pena de perjurio, conforme a las Leyes del Estado Libre Asociado de Puerto Rico, que la información provista en el diligenciamiento del emplazamiento es verdadera y correcta.

Y PARA QUE ASI CONSTE, suscribo la presente en_____ Puerto Rico, hoy día _____ de _____ de 20____.

_____
(firma del(de la) emplazador(a))

_____
(dirección del(de a) emplazador(a))

AFFIDAVIT NUM. _____

Jurado(a) y suscrito(a) ante mí por _____, de las circunstancias personales anteriormente mencionadads, a quien doy fe de conocer

_____

En _____, Puerto Rico, hoy día _____ de _____ de _____.

_____
NOTARIO(A) PUBLICO

OAT 1578 (junio 2010) Emplazamiento
Reglas de Procedimiento Civil de 2009

EXHIBIT B



# Delaware

PAGE 1

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF CORRECTION OF "GLAXOSMITHKLINE CONSUMER HEALTHCARE L.P.", CHANGING ITS NAME FROM "GLAXOSMITHKLINE CONSUMER HEALTHCARE L.P." TO "GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P.", FILED IN THIS OFFICE ON THE SECOND DAY OF JULY, A.D. 2002, AT 9 O'CLOCK A.M.



*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

2308674   8100

020430688

AUTHENTICATION: 1867567

DATE: 07-03-02

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 09:00 AM 07/02/2002
020430688 — 2308674

Certificate of Correction of
Certificate of Amendment of

## GLAXOSMITHKLINE CONSUMER HEALTHCARE L.P.

Originally filed in the Office of the Secretary of State on June 22, 2001

It is hereby certified that:

1.  The name of the limited partnership is GlaxoSmithKline Consumer Healthcare L.P., formerly known as SmithKline Beecham Consumer Healthcare, L.P.

2.  The Certificate of Amendment of the Certificate of Limited Partnership originally filed in the Office of the Secretary of State of Delaware on June 22, 2001 should be corrected.

3.  The inaccuracy to be corrected in said instrument is as follows:

A comma was inadvertently omitted from the amended name. It should read as:

GlaxoSmithKline Consumer Healthcare, L.P.

4.  The portion of the instrument in corrected form is as follows:

"SECOND: Pursuant to provisions of Section 17-202, Title 6, Delaware Code, Section 2.2 of the Amended and Restated Agreement of Limited Partnership is amended as follows:

GlaxoSmithKline Consumer Healthcare, L.P.

The undersigned, a general partner of the limited partnership, executed this Certificate of Correction of Certificate of Amendment on July 2, 2002.

GLAXOSMITHKLINE CONSUMER
HEALTHCARE L.L.C., General Partner

By: *Donald F. Parman*
Donald F. Parman
Assistant Secretary

*State of Delaware*

## *Office of the Secretary of State*

PAGE   1

---

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT
COPY OF THE CERTIFICATE OF AMENDMENT OF "SMITHKLINE BEECHAM
CONSUMER HEALTHCARE, L.P.", CHANGING ITS NAME FROM "SMITHKLINE
BEECHAM CONSUMER HEALTHCARE, L.P." TO "GLAXOSMITHKLINE CONSUMER
HEALTHCARE L.P.", FILED IN THIS OFFICE ON THE TWENTY-SECOND DAY
OF JUNE, A.D. 2001, AT 9 O'CLOCK A.M.



Harriet Smith Windsor
Harriet Smith Windsor, Secretary of State

2308674   8100

010317426

AUTHENTICATION: 1220998

DATE: 06-29-01

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 09:00 AM 06/22/2001
010303434 — 2308674

## CERTIFICATE OF AMENDMENT

### TO

### CERTIFICATE OF LIMITED PARTNERSHIP

### OF

### SMITHKLINE BEECHAM CONSUMER HEALTHCARE, L.P.

It is hereby certified that:

FIRST: The name of the limited partnership (hereinafter called the "partnership") is SmithKline Beecham Consumer Healthcare, L.P.

SECOND: Pursuant to provisions of Section 17-202, Title 6, Delaware Code, Section 2.2 of the Amended and Restated Agreement of Limited Partnership is amended as follows:

GlaxoSmithKline Consumer Healthcare L.P.

The undersigned, a general partner of the partnership, executed this Certificate of Amendment on June 22, 2001.

GLAXOSMITHKLINE CONSUMER
HEALTHCARE L.L.C., General Partner

By: _Donald F. Parman_
    Donald F. Parman
    Assistant Secretary

CSC

*State of Delaware*

## Office of the Secretary of State

PAGE    1

I, WILLIAM T. QUILLEN, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF AMENDMENT TO LIMITED PARTNERSHIP OF "SMITHKLINE BEECHAM CONSUMER BRANDS, L.P." FILED IN THIS OFFICE ON THE SEVENTH DAY OF JANUARY, A.D. 1994, AT 12:30 O'CLOCK P.M.

\* \* \* \* \* \* \* \* \* \*

William T. Quillen, Secretary of State

AUTHENTICATION:      \*4237843

DATE:      01/12/1994

724007026

# AMENDMENT

## TO THE

## CERTIFICATE OF LIMITED PARTNERSHIP

### OF

## SMITHKLINE BEECHAM CONSUMER BRANDS, L.P.

The undersigned, desiring to amend the Certificate of Limited Partnership of SmithKline Beecham Consumer Brands, L.P. pursuant to the provisions of Section 17-202 of the Revised Uniform Limited Partnership Act of the State of Delaware, does hereby certify that Articles First and Third are amended to read as follows:

FIRST:        The name of the limited partnership is SMITHKLINE BEECHAM CONSUMER HEALTHCARE, L.P.

THIRD:        The name and address of each general partner is as follows:

| NAME | MAILING ADDRESS |
| --- | --- |
| Marion Merrell Dow Consumer Products Inc. | 9300 Ward Parkway - East 4 Kansas City, MO  64114 |
| Smith Kline & French Overseas Co. | One Franklin Plaza Philadelphia, PA  19101 |

The Amendment to the Certificate of Limited Partnership shall be effective on January 10, 1994.

IN WITNESS WHEREOF, the undersigned executed this Amendment to the Certificate of Limited Partnership on this  7th    day of  January, 1994.

General Partners:

Marion Merrell Dow Consumer Products Inc.

By: _____

Rebecca R. Tilden, Secretary
(Name and Title)

Smith Kline & French Overseas Co.

By: _____

Albert J. White, Vice President
(Name and Title)